IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| VANQUEZ WOODARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 18-0079-JB-MU |
| | ) | |
| TRANSPORT MAGOG | ) | |
| EXPRESS, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

On September 20, 2018, Defendants Transport Magog Express, Inc. and Patrick Robert Ring filed a partial Motion to Dismiss Plaintiff's Claims for Wantonness, Negligence Per Se, Negligent Failure to Train, Negligence Per Se: Failure to Train, Negligent Failure to Inspect and Maintain, and Negligence Per Se: Negligent Failure to Inspect and Maintain. (Doc. 18). Plaintiff filed his response in opposition to Defendants' motion on October 4, 2018, Defendants filed a reply brief in support of their motion on October 11, 2018, and Plaintiff filed a surreply in opposition to the motion on October 16, 2018. (Docs. 22, 23, and 26). This motion has been referred to the undersigned Magistrate Judge for entry of a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. Gen. LR 72. Having reviewed and considered the relevant pleadings and briefs and the relevant law, the undersigned Magistrate Judge **RECOMMENDS** that Defendants' motion to dismiss Plaintiff's claims for wantonness, negligence per se, negligent failure to train, negligence per se: failure to train, negligent failure to inspect and maintain, and negligence per se: negligent failure to inspect and maintain, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, be

**GRANTED, in part,** and **DENIED, in part,** for the reasons set forth below.

## I. SUMMARY OF PROCEEDINGS

On September 6, 2018, Plaintiff Vanquez Woodard filed an amended complaint against Defendants Transport Magog Express, Inc. ("Transport") and Patrick Robert Ring arising from injuries he suffered as a result of a motor vehicle accident involving a commercial tractor trailer driven by Transport's employee, Ring. (Doc. 16). Defendants filed the instant partial motion to dismiss Plaintiff's claims for wantonness, negligence per se, negligent failure to train, negligence per se: failure to train, negligent failure to inspect and maintain, and negligence per se: negligent failure to inspect and maintain, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 18). Plaintiff filed a responsive brief in opposition to the motion to dismiss (Doc. 22), Defendants filed a reply brief in response to Plaintiff's opposition (Doc. 23), and Plaintiff filed a surreply brief (Doc. 26). The motion to dismiss the above enumerated claims is now ripe for decision.

## II. SUMMARY OF ALLEGATIONS[1]

For purposes of this motion, the relevant allegations of Plaintiff's amended complaint are as follows:

On February 23, 2016, Ring, who was acting within the line and scope of his employment as an employee of Transport, was operating a tractor-trailer rig southbound on Highway 43 in Mobile County, Alabama. (Doc. 16 at p. 2). He turned from Highway 43 onto the southbound Interstate 65 entrance ramp. (*Id.*). As the

---

[1] For consideration of these motions to dismiss, Plaintiff's factual allegations have been accepted as true and viewed in the light most favorable to Plaintiff. *See McElmurray v. Consol. Gov't of Augusta-Richmond Cty.*, 501 F.3d 1244, 1251 (11th Cir. 2007).

tractor-trailer rig was traveling down this ramp, Ring failed to yield the right-of-way when merging onto the entrance ramp from northbound Highway 43 and crossed over to the right lane in front of Plaintiff, leaving Plaintiff no place to go. (*Id.*). Plaintiff's vehicle ran under the back of the trailer, was crushed and pinned underneath the trailer, and was drug approximately 75-100 feet before coming to a stop on the shoulder of the ramp. (*Id.* at pp. 2-3).

Plaintiff alleges that Ring negligently operated his tractor-trailer rig thereby causing the accident. (*Id.* at p. 3). Plaintiff specifically alleges that Ring violated §§ 32-5A-61 (driver not to proceed where traffic obstructed), 32-5A-111 (vehicle turning left), 32-5A-112 (vehicle entering stop or yield intersection), and 32-5A-133 (turning movements and required signals) of the Alabama Code and that these violations constitute prima facie evidence of negligence. (*Id.*). Plaintiff also alleges that Ring wantonly operated his tractor-trailer rig thereby causing the collision with his vehicle. (*Id.* at p. 4).

Plaintiff alleges that Ring also violated one or more of the provisions of the Federal Motor Carrier Safety Regulations ("FMCSR"), specifically, 49 C.F.R. § 392.3 (driving while fatigued), 49 C.F.R. § 383.111(a)(7) (visual search methods and evaluating surrounding conditions), 49 C.F.R. § 383.111(a)(9) (speed management consistent with stopping distance and visibility), 49 C.F.R. § 383.111(a)(10) (space management to allow a cushion between the driver and others), 49 C.F.R. § 383.111(a)(13) (hazard perceptions and anticipating the actions of other motorists), 49 C.F.R. § 391.1 (driver qualifications), 49 C.F.R. § 391.41(a) (a driver is prohibited from operating a commercial motor vehicle unless physically qualified to do so), 49 C.F.R.

§§ 392.7, 392.8, and 392.9 (the driver has a duty to inspect and ensure that the commercial motor vehicle's equipment is in good working order, that required emergency equipment is in place, and that the load is secured), and 49 C.F.R. §§ 395.3 and 395.8 (driver hours of service and logbook violations). (*Id.* at pp. 4-5). Plaintiff alleges that Ring's conduct during the collision sequence was consistent with the violation of one or more of these regulations and that past experience indicates that one or more of the regulations was likely violated during this scenario.[2] In his amended complaint, Plaintiff states that these regulations were enacted to protect persons in his position, that he sustained the type of injury the regulations were intended to prevent, and that his injuries were proximately caused by Ring's violations of these regulations, and therefore, Ring is guilty of negligence per se. (*Id.* at p. 5).

As to Transport, Plaintiff alleges that it negligently trained Ring in that it did not adequately instruct him on how to operate his vehicle in the situation which resulted in this collision. (*Id.* at p. 6). Plaintiff further alleges that Transport violated one or more of the following provisions of the FMCSR: 49 C.F.R. § 390.3(a)(1), (b), and (e)(1)&(2) (the regulations are applicable to all employers, who shall comply with them, and every driver shall be instructed regarding the regulations) and 49 C.F.R. § 383 (setting out the commercial driver's license standards and requirements) and that Transport is, therefore, guilty of negligence per se because these regulations were enacted to protect persons in his position, he sustained the type of injury the regulations were intended to prevent, and his injuries were proximately caused by Transport's violation

---

[2] Plaintiff made these allegations pursuant to Fed. R. Civ. P. 11(b)(3), stating that he will likely have evidentiary support after a reasonable opportunity for further investigation and discovery. (*Id.* at p. 5).

4

of the regulations. (*Id.* at pp. 6-7). Plaintiff also alleges that Transport negligently inspected and maintained the tractor-trailer rig operated by Ring, specifically by failing to detect and remedy deficiencies in the vehicle's braking system. Plaintiff alleges that this failure was in violation of the following provisions of the FMCSR: 49 C.F.R. § 396.3 (motor carriers are required to systematically inspect, repair, and maintain all motor vehicles subject to their control, which includes braking systems) and 49 C.F.R. § 396.17 (periodic inspection of motor vehicles by motor carriers is required, which includes inspection of braking systems), and therefore, constitutes negligence per se. (*Id.* at pp. 8-9).

### III. **STANDARD OF REVIEW**

As set forth above, Defendant seeks dismissal of Plaintiff's claims for wantonness, negligence per se, negligent failure to train, negligence per se: failure to train, negligent failure to inspect and maintain, and negligence per se: negligent failure to inspect and maintain, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (citation omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.... [This standard] asks for more than a sheer possibility that a defendant has acted unlawfully."

5

*Id.* at 678. That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level," and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Twombly*, 550 U.S. at 555, 557 (second brackets in original). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678. In determining whether a claim is stated, the factual allegations are accepted as true, except for conclusory assertions or a recitation of a cause of action's elements, and the allegations must be considered in the light most favorable to the plaintiff. *See id.; Mitchell v. Farcass,* 112 F.3d 1483, 1490 (11th Cir. 1997).

In addition, "[a] complaint is subject to dismissal for failure to state a claim 'when its allegations, on their face, show that an affirmative defense bars recovery on the claim,'" *Douglas v. Yates,* 535 F.3d 1316, 1321 (11th Cir. 2008) (quoting *Cottone v. Jenne,* 326 F.3d 1352, 1357 (11th Cir. 2003)), or "when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action," *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

### IV. <u>CONCLUSIONS OF LAW</u>

Defendant seeks dismissal of Plaintiff's claims for wantonness (Second Cause of Action), negligence per se (Third Cause of Action), negligent failure to train (Fourth Cause of Action), negligence per se: failure to train (Fifth Cause of Action), negligent failure to inspect and maintain (Sixth Cause of Action), and negligence per se: negligent failure to inspect and maintain (Seventh Cause of Action) for failure to state a claim

6

upon which relief can be granted. (Doc. 18). The Court will address each of these in the order presented.

A. <u>Wantonness</u>

Defendants argue that Plaintiff's wantonness claim is due to be dismissed because he failed to make factual allegations regarding how Ring acted with a reckless or conscious disregard of the rights or safety of others and did not set forth how the alleged conduct of Ring was wanton. Defendants conclude that Plaintiff's claim for wantonness fails to comport with the *Iqbal/Twombly* pleading requirements. Plaintiff contends that his complaint meets the pleading requirements of Rule 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief," and the *Iqbal/Twombly* standard, which requires the complaint to contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."

It is well established that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. If the facts alleged in the complaint "do not permit the court to infer more than the mere possibility of misconduct," the complaint fails to

meet the Rule 8 requirement that the statement of the claim shows that the pleader is entitled to relief. *Id*.

With regard to the factual allegations in his amended complaint, Plaintiff states, in relevant part, that "the tractor-trailer rig operated by Ring failed to yield the right of way when it merged onto the entrance ramp … and crossed over to the right lane in front of Plaintiff [and] left Plaintiff no place to go." (Doc. 16 at pp. 2). He further alleges that his "vehicle ran under the back of the trailer, was crushed, pinned underneath the trailer, and drug for approximately 75-100 feet before coming to a stop on the shoulder of the ramp." (*Id*. at pp. 2-3). In his second cause of action, Plaintiff alleges that "Ring wantonly operated his tractor-trailer rig so as to cause a collision" with his vehicle. (*Id.* at p. 4). Under Alabama law, which is the applicable substantive law in this diversity case, "[w]antonness is defined as "[c]onduct which is carried on with a reckless or conscious disregard of the rights or safety of others." *Raley v. Bank of Am., N.A.,* Civ. A. No. 2:14-CV-857-WMA, 2014 WL 6684906, at *4 (N.D. Ala. Nov. 25, 2014) (quoting Ala. Code § 6-11-20 (1975)). Wantonness has been defined by the Alabama Supreme Court "as the conscious doing of some act or the omission of some duty, while knowing of the existing conditions and being conscious that, from doing or omitting to do an act, injury will likely or probably result." *Galaxy Cable, Inc. v. Davis*, 58 So. 3d 93, 101 (Ala. 2010) (internal quotations omitted). The "[d]etermination of consciousness that underlies the question of wantonness may rely on inferences drawn from the circumstances." *Jinright v. Werner Enter., Inc.*, 607 F. Supp. 2d 1274, 1276 (M.D. Ala. 2009). Plaintiff contends that the above facts are sufficient to plausibly state a wantonness claim because it "can be reasonably, and readily, inferred that by crossing over in front of Plaintiff and leaving

Plaintiff no place to go, Ring was conscious that his actions would likely or probably cause Plaintiff injury." (Doc. 22 at p. 5).

Defendants contend that such an inference cannot be made because Alabama law presumes that drivers do not "engage in self-destructive behavior." *Ex parte Essary,* 992 So. 2d 5, 12 (Ala. 2007); *see also Jinright*, 607 F. Supp. 2d at 1276. In *Jinright*, the Court explained this further, stating "if the behavior at issue is similarly likely to harm the *perpetrator* (as it is, for example, in most cases involving car accidents), Alabama courts will presume that, given their understanding of human nature, people would not consciously engage in conduct so openly harmful to themselves." 607 F. Supp. 2d at 1276-77. Plaintiff points out that the *Essary* presumption is rebuttable in cases of impaired judgment or inherently reckless conduct and argues, furthermore, that it does not apply in this case which involved a tractor-trailer rig/car collision versus the car/car collisions involved in *Essary* and *Jinright*. Plaintiff argues that the driver of a tractor-trailer rig that collides with a car is not engaging in self destructive behavior because the act of failing to yield the right of way and pulling directly in front of a car is not "similarly likely to harm the *perpetrator."* However, this argument, standing alone, was rejected in *Craft v. Triumph Logistics, Inc.*, 107 F. Supp. 3d 1218, 1221-22 (M.D. Ala. 2015), in which the court recognized the limitations of the presumption when applied to the driver of a tractor-trailer truck, but concluded that, because "automobile accidents can set off a series of unpredictable reactions, … the presumption against self-destruction means that any driver will attempt to avoid them." The *Craft* court noted that the presumption can be rebutted if the at fault driver had used drugs or alcohol, was talking on the phone or texting, was over his commercially allowed service hours at the time of the accident,

failed to adjust his driving to accommodate special dangers on the road, such as bad weather or reduced visibility, or was driving at an unsafe speed. *Id.* at 1222-23.

Of significance here is the fact that the cases relied upon by Defendants and cited above involve motions for summary judgment versus a motion to dismiss and, therefore, were evaluated under a different standard. Under the "lesser" standard applied at this stage of the litigation, this Court finds that the factual allegations set forth in Plaintiff's amended complaint are sufficient to give Defendants notice of the claim against them and to state a claim for wantonness that is facially plausible. In so holding, the Court recognizes the inherent difficulty of a vehicular accident plaintiff to know the exact causes or reasons for the allegedly negligent and/or wanton driver to have acted as he did at the time the plaintiff files the complaint. Under the circumstances, it would be more prudent for the Court to address Defendants' arguments at the summary judgment stage, especially in a case such as this where dismissal of the entire case was not sought.

**B. <u>Negligence Per Se</u>**

Plaintiff alleges that Ring also violated one or more of the provisions of the Federal Motor Carrier Safety Regulations ("FMCSR"), specifically, 49 C.F.R. § 392.3 (driving while fatigued), 49 C.F.R. § 383.111(a)(7) (visual search methods and evaluating surrounding conditions), 49 C.F.R. § 383.111(a)(9) (speed management consistent with stopping distance and visibility), 49 C.F.R. § 383.111(a)(10) (space management to allow a cushion between the driver and others), 49 C.F.R. § 383.111(a)(13) (hazard perceptions and anticipating the actions of other motorists),

and 49 C.F.R. § 395.3 (driver hours of service). (Doc. 16 at pp. 4-5).[3] Plaintiff alleges that Ring's conduct during the collision sequence was consistent with the violation of one or more of these regulations and that past experience indicates that one or more of the regulations was likely violated during this scenario.[4] In his amended complaint, Plaintiff states that these regulations were enacted to protect persons in his position, that he sustained the type of injury the regulations were intended to prevent, and that his injuries were proximately caused by Ring's violations of these regulations, and therefore, Ring is guilty of negligence per se. (*Id.* at p. 5).

As with Plaintiff's wantonness claims, Defendants seek dismissal of this claim on the grounds that the factual allegations fail to comply with the *Iqbal/Twombly* pleading requirements. (Doc. 18 at pp. 10-11). Again, at this stage of the case, the Court finds that the allegations give fair notice to Defendants of the claims Plaintiff is making and, while not detailed, are sufficient to meet the pleading standards.

Relying on *Osborne Truck Lines, Inc. v. Langston*, 454 So. 2d 1317 (Ala. 1984), Defendants also argue that Plaintiff's negligence per se claim is due to be dismissed because violation of the FMCSR is not negligence per se under Alabama law. (Doc. 23

---

[3] In his amended complaint, Plaintiff also alleged that Ring violated 49 C.F.R. § 391.1 (driver qualifications), 49 C.F.R. § 391.41(a) (a driver is prohibited from operating a commercial motor vehicle unless physically qualified to do so), 49 C.F.R. §§ 392.7, 392.8, and 392.9 (the driver has a duty to inspect and ensure that the commercial motor vehicle's equipment is in good working order, that required emergency equipment is in place, and that the load is secured), and 49 C.F.R. § 395.8 (logbook violations), but in his response to Defendants' motion to dismiss, he stated that he does not oppose the motion to dismiss with respect to these alleged violations. (Doc. 22 at p. 6). Accordingly, the undersigned recommends that these allegations be stricken from the amended complaint.
[4] Plaintiff made these allegations pursuant to Fed. R. Civ. P. 11(b)(3), stating that he will likely have evidentiary support after a reasonable opportunity for further investigation and discovery. (*Id.* at p. 5).

at pp. 6-7). In *Osborne Truck Lines,* the defendant objected to one of the trial court's charges to the jury which included reference to certain FMCSR sections that were alleged to have been violated that the trial court gave immediately after the charge instructing the jury that violation of the Alabama Rules of the Road could constitute negligence per se if certain requirements were met. 454 So. 2d at 1325. The defendant argued that the charge was improper because violation of the FMCSR did not constitute negligence per se. *Id.* The court found that the trial court was not in error because the "court did not in fact instruct that the regulations were part of the rules of the road or that violation would constitute negligence per se." *Id.* Therefore, although the court did not specifically address the issue of whether violation of the FMCSR could constitute negligence per se at the time that case was decided in 1984, dicta indicated that such a violation could not.

However, as Plaintiff notes, in 1998, subsequent to the *Osborne Truck Lines* decision, the Alabama legislature passed a statute requiring operators of commercial motor vehicles in Alabama to comply with the FMCSR. Ala. Code § 32-9A-2 (1975). Section 32-9A-2 provides that "no person may operate a commercial motor vehicle in this state, or fail to maintain required records or reports, in violation of the federal motor carrier safety regulations as prescribed by the U.S. Department of Transportation, 49 C.F.R. Part 107, Parts 171-180, Parts 382-387, and Parts 390-399 and as they may be amended in the future." As pointed out by the court in *Hill v. Tran*, "'[t]he doctrine of negligence per se or negligence as a matter of law arises from the premise that the legislature may enact a statute that replaces the common-law standard of the reasonably prudent person with an absolute, required standard of care.'" Civ. A. No.

16-0102-WS-B, 2017 WL 1128456, *2 (S.D. Ala. Mar. 24, 2017) (quoting *Parker Bldg. Serv. Co. v. Lightsey ex rel. Lightsey*, 925 So. 2d 927, 930-31 (Ala. 2005)). The *Hill* court assumed, without deciding, that "if any of the cited [FMCSR] regulations require commercial vehicles to employ headlights thirteen minutes after sunset, Tran 'violated the statute [Section 32-9A-2(a)(1)]' … for purposes of negligence per se analysis." *Id.* The court clearly indicated that, if Plaintiff had cited a federal regulation the violation of which would have violated § 32-9A-2(a)(1), the doctrine of negligence per se would apply. *See id.* at *3. At least two other federal courts in Alabama have indicated, since the passage of § 32-9A-2(a)(1), that violations of the FMCSR, and therefore, the Alabama statute, constitute negligence per se under Alabama law. *See Burkett v. SE Indep. Delivery Serv., Inc.*, Case No.: 2:17-cv-786-GMB, 2018 WL 1093320, *2 (M.D. Ala. Feb. 28, 2018) (stating, in assessing whether the plaintiff's complaint set forth a federal question for jurisdictional purposes, that "Burkett contends that SEIDS violated multiple Federal Motor Carrier Safety Regulations … and has successfully pleaded the elements of a negligence per se claim); *Bishop v. R.A. Wagner Trucking Co., Inc.*, Nos. 4:11-cv-2457-TMP, 4:12-cv-2003-TMP, 2014 WL 636987, *8 (N.D. Ala. Feb. 18, 2014) (noting that if it was proven that the driver violated certain regulations contained in the FMCSR, the "failure to follow regulations is negligence per se"). Based on these decisions and the general law concerning what constitutes negligence per se under Alabama law, the Court finds that Plaintiff has sufficiently alleged a claim of negligence per se at this juncture of the proceedings.

### C. **Negligent Failure to Train and Negligence Per Se: Negligent Failure to Train**

Plaintiff does not oppose Defendants' motion to dismiss as to these claims;

therefore, this Court recommends that the Fourth Cause of Action (negligent failure to train) and the Fifth Cause of Action (negligence per se: failure to train) be dismissed.

**D. <u>Negligent Failure to Inspect and Maintain and Negligence Per Se: Negligent Failure to Inspect and Maintain</u>**

Plaintiff alleges that Defendant Transport negligently inspected and maintained the tractor-trailer rig operated by Ring, specifically by failing to detect and remedy deficiencies in the vehicle's braking system. (Doc. 16 at p. 8). Plaintiff further alleges that this failure was in violation of the following provisions of the FMCSR: 49 C.F.R. § 396.3 (motor carriers are required to systematically inspect, repair, and maintain all motor vehicles subject to their control, which includes braking systems) and 49 C.F.R. § 396.17 (periodic inspection of motor vehicles by motor carriers is required, which includes inspection of braking systems), and therefore, constitutes negligence per se. (*Id.* at pp. 8-9). Defendants contend that these allegations do not meet the *Iqbal/Twombly* standard, which requires the complaint to contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Specifically, Defendants argue that these claims are deficient because Plaintiff does not explain how the truck's operation was consistent with deficiencies in the braking system, what aspects of the truck's operation suggested a problem with the brakes, or how Defendant Transfer negligently inspected the truck. The Court finds, however, that it is plausible, based on the fact that the truck allegedly failed to yield to an oncoming vehicle, that something was amiss in the braking system.

Accordingly, the Court finds that these allegations are sufficient, at this stage of the litigation, to give Defendants notice of the claim against them (negligent failure to inspect and maintain) and the grounds upon which the claim rests (negligent inspection

and maintenance of the braking system).

## CONCLUSION

As set forth above, the Court finds that Plaintiff has sufficiently alleged his claims for wantonness, negligence per se, negligent failure to inspect and maintain, and negligence per se: negligent failure to inspect and maintain at this stage of the proceedings. Plaintiff has conceded that his claims for negligent failure to train and negligence per se: failure to train are due to be dismissed. Accordingly, it is **RECOMMENDED** that Defendants' motion to dismiss Plaintiff's claims for wantonness, negligence per se, negligent failure to inspect and maintain, and negligence per se: negligent failure to inspect and maintain be **DENIED.** It is further **RECOMMENDED** that Defendant's motion to dismiss Plaintiff's claims for negligent failure to train and negligence per se: failure to train be **GRANTED**, and Counts Four and Five of Plaintiff's Amended Complaint (Doc. 16) be **DISMISSED, without prejudice.** Finally, as noted above, Plaintiff has conceded to the dismissal of the allegations contained in his Third Cause of Action that Ring violated 49 C.F.R. § 391.1 (driver qualifications), 49 C.F.R. § 391.41(a) (a driver is prohibited from operating a commercial motor vehicle unless physically qualified to do so), 49 C.F.R. §§ 392.7, 392.8, and 392.9 (the driver has a duty to inspect and ensure that the commercial motor vehicle's equipment is in good working order, that required emergency equipment is in place, and that the load is secured), and 49 C.F.R. § 395.8 (logbook violations). Accordingly, the undersigned **RECOMMENDS** that these allegations in the Third Cause of Action be stricken from the amended complaint.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. Gen. LR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** and **ORDERED** this the **30th** day of **January, 2019**.

s/P. BRADLEY MURRAY
**UNITED STATES MAGISTRATE JUDGE**